UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CRAIG ALAN VANNESS,

    Plaintiff,

    v.

WELL PATH MONROE COUNTY DETENTION CENTER, et al.,

    Defendants.

Case No.: 3:25-cv-00073-MMD-CLB

**ORDER**

## I. SUMMARY

On February 7, 2025, pro se Plaintiff Craig Vanness, an inmate in the custody of the Monroe County Sheriff's Office in Key West, Florida, filed a document titled "Craig Alan Vanness vs. Wellpath Monroe County Detention Center." (ECF No. 1-1). This document does not constitute a complaint, and Plaintiff neither paid the $405 filing fee nor filed an application to proceed *in forma pauperis*. (*See* ECF No. 1). Plaintiff filed at least two other actions that appear to concern the same or similar events. *See Vanness v. Monroe Cnty. Sheriff's* Office, Case No. 3:25-cv-00074-ART-CSD (D. Nev. filed Feb. 7, 2025); and *Vanness v. 15CF67AD*, Case No. 3:25-cv-00075-CLB (D. Nev. filed Feb. 7, 2025). This Court will give Plaintiff an opportunity to file a complaint and address the matter of the filing fee.

## II. DISCUSSION

### A. Plaintiff must file his case in the proper venue.

Plaintiff sent his initiating document from a facility operated by the Monroe County Sheriff's Office in Key West, Florida. This document mentions events that allegedly happened to Plaintiff in Monroe County. There is no Monroe County in Nevada. To the extent Plaintiff is attempting to bring claims about his arrest, criminal case, or conditions of his detention or incarceration in Monroe County, Florida, he is advised that the District

of Nevada is not the appropriate venue for his claims. 28 U.S.C. § 1391(b) instructs that a plaintiff may bring an action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

And if a case has been filed in the wrong district or division, the district court in which the case has been incorrectly filed "shall dismiss" it "or, if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

### B. Plaintiff must file a signed properly formatted complaint.

If Plaintiff wants to proceed with this action, he must submit a signed, properly formatted complaint on this Court's approved form. Plaintiff is advised that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. A complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8. "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And "each claim founded on a separate transaction or occurrence … must be stated in a separate count." *Id.*

"A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." Nev. LSR 2-1. And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a).

Moreover, "[p]laintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008), (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). And duplicative litigation by a litigant who is proceeding under *in forma pauperis* status can be dismissed as malicious and thus constitute a strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

### C.  Plaintiff must address the matter of the filing fee.

If Plaintiff wants to proceed with this action, he must address the matter of the filing fee. The fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. LSR 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1), (2); Nev. LSR 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

### III.  CONCLUSION

It is therefore ordered that Plaintiff has **until March 12, 2025**, to submit a signed legible complaint on this Court's approved form.

It is further ordered that Plaintiff has **until March 12, 2025**, to either pay the full $405 filing fee or file (1) a completed application to proceed *in forma pauperis* with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order.

The Clerk of the Court is directed to send Plaintiff Craig Alan Vanness the approved form for filing a 42 U.S.C. § 1983 complaint with instructions and the approved form application to proceed *in forma pauperis* for an inmate with instructions.

DATED: February 10, 2025

_____
UNITED STATES MAGISTRATE JUDGE