1

2

3

4

5

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| 6  CRAIG ALAN VANNESS | Case No. 3:25-cv-00073-MMD-CLB |
| 7            Plaintiff,<br>8      v. | ORDER |
| 9  WELLPATH MONROE COUNTY<br>DETENTION CENTER, *et al.*, | |
| 10            Defendants. | |
| 11 | |

12      On February 10, 2025, this Court ordered Plaintiff Craig Vanness to file a signed

13   complaint and either pay the full $405.00 filing fee for this action or file a complete

14   application to proceed *in forma pauperis* by March 12, 2025. (ECF No. 3.) The Court

15   warned Vanness that the action could be dismissed if he failed to timely comply. (*Id.* at

16   4.) That deadline expired without any compliance or other response by Vanness.

**I.      DISCUSSION**

18      District courts have the inherent power to control their dockets and "[i]n the

19   exercise    of    that    power,    they    may    impose    sanctions    including,    where

20   appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*,

21   782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's

22   failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439,

23   1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring

24   *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833

25   F.2d 128, 130 (9th Cir. 1987) (dismissing for failure to comply with court order). In

26   determining whether to dismiss an action on one of these grounds, the Court must

27   consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need

28   to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

1    favoring disposition of cases on their merits; and (5) the availability of less drastic

2    alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th

3    Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

4        The first two factors, the public's interest in expeditiously resolving this litigation

5    and the Court's interest in managing its docket, weigh in favor of dismissal of Vanness's

6    claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal

7    because a presumption of injury arises from the occurrence of unreasonable delay in filing

8    a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542

9    F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of

10   cases on their merits—is greatly outweighed by the factors favoring dismissal.

11       The fifth factor requires the Court to consider whether less drastic alternatives can

12   be used to correct the party's failure that brought about the Court's need to consider

13   dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining

14   that considering less drastic alternatives *before* the party has disobeyed a court order

15   does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th

16   Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that

17   "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's

18   order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled

19   with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

20   Courts "need not exhaust every sanction short of dismissal before finally dismissing a

21   case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779

22   F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and

23   unless Vanness files a signed complaint and addresses the matter of the filing fee, the

24   only alternative is to enter a second order setting another deadline. But the reality of

25   repeating an ignored order is that it often only delays the inevitable and squanders the

26   Court's finite resources. The circumstances here do not indicate that this case will be an

27   exception. Setting another deadline is not a meaningful alternative given these

28   circumstances. So the fifth factor favors dismissal.

1   **II.    CONCLUSION**

2        Having thoroughly considered these dismissal factors, the Court finds that they

3   weigh in favor of dismissal. It is therefore ordered that this action is dismissed without

4   prejudice based on Craig Vanness's failure to file a signed complaint and address the

5   matter of the filing fee in compliance with this Court's February 10, 2025, order. The Clerk

6   of Court is directed to enter judgment accordingly and close this case. No other

7   documents may be filed in this now-closed case. If Vanness wishes to pursue his claims,

8   he must file a complaint in a new case and address the matter of the filing fee.

9        DATED THIS 31st Day of March 2025.

10

11                                          _____

12                                       MIRANDA M. DU
                                    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28